**McMURTRY BROS. et al. v. ANGELO et al.**

No. 18036.    Opinion Filed Nov. 5, 1929.

Clayton B. Pierce and Burford, Miley, Hoffman & Burford, for petitioners.

Edwin Dabney, Atty. Gen., and Fred Hanson and Ralph C. Thompson, Asst. Attys. Gen., for respondents.

CLARK, J. This is an original action in this court to review an award of the State Industrial Commission entered on the 18th day of November, 1926, wherein the petitioner, respondent below, was required to give medical treatment to the respondent, J. M. Angelo.

The claimant, J. M. Angelo, while in the employ of the petitioner herein, McMurtry Brothers, received an accidental injury, on June 30, 1922, arising out of and in the course of his employment. The injury consisted of the right leg being broken, the knee cap being fractured and the claimant badly bruised. On January 21, 1924, upon motion of the respondent to determine the extent of the liability, a hearing was had, and on February 19, 1924, the Industrial Commission made a finding of fact that the claimant was being paid compensation at the rate of $18 per week and that the claimant desired to submit to operative treatment, which treatment could not be given for a period of four months, and ordered payment of compensation to continue until otherwise ordered, and further, that on May 21, 1924, claimant, at the expense of petitioner herein, submit to the examining physican for recommendation as to further operative treatment.

In February, 1926, a further hearing to determine the extent of disability was had, and on November 18, 1926, the Industrial Commission made a further finding that claimant had been paid in the aggregate of 175 weeks compensation at $18 per week, and that his disability resulting from accidental injury was at the time confined to the right leg, and that the claimant was in February, 1926, in need of further medical or operative treatment, and concluded that compensation should be discontinued for the reason that the injury was confined to the right leg, and ordered that petitioner tender the claimant such medical and operative treatment as had been recommended for said accidental injury at the expense of respondent. It is from this order that the petitioner seeks a review, and as grounds therefor asserts that the Industrial Commission was without jurisdiction to make such an award, and that the award is contrary to law and that the finding of fact and the award is unsupported by evidence and is contrary to the evidence.

The plaintiff contends that the full payment of the compensation provided for by the Workmen's Compensation Act precludes the recovery of the expense of medical treatment, and, further, that the Commission could not make an award for some act to occur in the future, and that to be able to get medical aid, the treatment and medical aid must have been continuous.

Section 6, chapter 61, Session Laws 1923, being an act amending section 7290, C. O. S. 1921, which provides the schedule of compensation for injured employees, reads in part as follows:

"The compensation for the foregoing specific injuries shall be in lieu of all other compensation except the benefits provided in section 7288."

Section 7288, C. O. S. 1921, provides for the giving of surgical and medical treatment to injured employees. Thus we can plainly see that the intent of the Legislature was not to give the employee the benefit of only one of these sections, but to give him the benefit both of compensation and medical relief.

One of the purposes of the Workmen's Compensation Law is to rehabilitate an injured employee in order that he may return to the ranks of productive labor with normal capacity when possible, and when impossible to restore normal capacity, then to the highest degree attainable, and for this purpose, together with temporary relief, section 7288, C. O. S. 1921, requires the employer to properly provide the injured employee with such medical and surgical treatment as may be necessary during 60 days after the injury or for such time in excess thereof as in the judgment of the Commission may be required. The medical treatment thus provided for an injured employee is such as will reasonably and seasonably tend to relieve and cure the injured employee from the effects of the injury, and is a requirement other and in addition to the schedule of compensation provided for in section 7290, C. O. S. 1921, as amended, and is not limited to a 60-day period after the injury, but extends for such time as in the judgment of the commission may be required.

Section 7325, C. O. S. 1921, as amended by chapter 61, sec. 13, Session Laws of 1923, provides the power and jurisdiction of the Commission over each case shall be continuing and it may, from time to time, make such modifications or changes with respect to former findings and orders relating thereto as in its opinion may be justified, including the right to require physical examinations as provided in section 7293 and subject to the same penalties for refusal. In this case the treatment could not have been continuous, as it was not possible to operate on claimant's knee at the time of the first award, and neither could it have been determined what the condition of the knee would be later.

As to the contention that there was not enough evidence to justify the Commission in finding that the claimant needed medical attention, it has repeatedly been held by this court that the decision of the Industrial Commission as to all matters of fact is final if there is any evidence whatsoever tending to support it. Consolidated Fuel Co. v. State Industrial Commission, 85 Okla. 112, 205 Pac. 170; Cameron Coal Co. v. Dunn, 85 Okla. 219, 205 Pac. 503; Hartford Accident Ind. Co. v. Industrial Commission, 87 Okla. 180, 209 Pac. 775.

We have examined the record in this case, and find there is competent evidence to support the award. This court on review will not weigh the evidence on questions of fact, but where there is any competent evidence reasonably tending to support the award of the Industrial Commission, the same will not be disturbed on review.

The award of the Commission is affirmed.

MASON, C. J., LESTER, V. C. J., and HEFNER, CULLISON, and ANDREWS, JJ., concur.

HUNT and SWINDALL, JJ., absent.

Note.—See under (1) anno. 7 A. L. R. 545. (3) 28 R. C. L. p. 829; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581; 6 R. C. L. Supp. p. 1767; 7 R. C. L. Supp. p. 1011. See Workmen's Compensation Acts—C. J. §88, p. 96, n. 18; §97, p. 100, n. 76. §127, p. 122, n. 40.