## WILLIAMS v. CENTRAL DAIRY PRODUCTS CO. et al.

No. 34947. Sept. 25, 1951.

Rehearing Denied Oct. 30, 1951.

*236 P. 2d 984.*

Carrol Womack and Howard K. Berry, Oklahoma City, for petitioner.

Butler, Rinehart & Morrison, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, V. C. J. On September 28, 1937, the State Industrial Commission awarded compensation to petitioner Eugene Debs Williams, against his employer, Central Dairy Products Company, and its insurance carrier, respondents herein, in the sum of $1,650 for the loss of use of his right eye resulting from an accidental injury sustained by him while in the employ of respondent, Central Dairy Products Company, and directed that respondents pay the authorized medical and necessary expenses incurred by petitioner by reason of such accidental injury in accordance with the claim on file within 30 days from the filing of the award.

The award was entered upon approval of an agreed settlement.

On April 1, 1950, more than twelve years after the award was entered, petitioner filed a motion to set the case for further hearing on the ground that he was then in need of additional medical attention and hospitalization as a result of his accidental injury complained of herein.

The motion was set for hearing before a trial commissioner on October 5, 1950. The trial commissioner treated the motion as an application to reopen on the ground of change in condition for the worse, held the application barred by limitation (sec. 43, 85 O.S. 1941), and entered an order denying the motion. The order was sustained on appeal to the commission en banc. Petitioner brings the case here to review this order.

It is petitioner's contention that the commission heard and decided the motion upon an erroneous theory. He asserts that his motion is not one to reopen because of change in condition; that, in fact, there has been no change in condition; that his motion is brought under the provisions of section 14, 85 O.S. 1941, to obtain further medical treatment and hospitalization. This section, among other things, provides:

"The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary during sixty days after the injury or for such time in excess thereof as in the judgment of the Commission may be required . . ."

Petitioner asserts that when this section is construed in connection with the continuing-jurisdiction provision of sec. 84, it becomes clear and plain that he had the right to apply for such relief at any time and that no statute of limitation runs against that right. We do not agree.

The sections relied upon should be construed in connection with sec. 29 of the Act. This section, as far as here material, provides:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within twenty (20) days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court of the State to review such award or decision. . . ."

It appears to us that when these sections are construed together there is disclosed the intent of the Legislature in enacting the statute to authorize and empower the commission to require an employer to furnish further medical treatment to an injured employee at any time after 60 days from the date of the injury, but only prior to or at the time a final award is made and not thereafter.

The general rule is: A final award of the State Industrial Commission is just as binding and effectual upon all parties to the proceeding as the judgment of any court, and the commission is without authority thereafter to modify or change such award, except as otherwise authorized by statute. Derr

v. Weaver, 173 Okla. 140, 47 P. 2d 573; Special Indemnity Fund v. Lewis, 200 Okla. 471, 196 P. 2d 684.

The only statute authorizing the commission to award additional benefits or additional compensation after final award has been made is section 28, 85 O.S. 1941, which authorizes the commission to do so upon an application to reopen on the ground of change in condition for the worse. This rule, we think, applies to a final order requiring an employee to furnish an injured employee with medical treatment. Medical treatment allowed by statute is merely an allowance in the nature of compensation in addition to scheduled compensation.

In Hanna Lumber Co. v. Penrose, 154 Okla. 210, 7 P. 2d 164, this court held that the only manner in which additional compensation may be awarded after final award is on a motion to reopen on the ground of change in condition. This rule has been announced many times by this court. The rule, in our opinion, is applicable here. We see no reason for making a distinction between this provision of the Act and the provision thereof awarding scheduled compensation.

Petitioner at the present hearing offered in evidence the report of an eye specialist as to the present condition of petitioner's eye. This report, in substance, states:

"At the time of the injury, it was thought that the eye possibly should be removed, but the patient wished to try and save the eyeball. Now, due to pain in the eye and intermittent irritation, and the fact that the eyeball is turning outward, . . . I have advised that the eyeball be removed, because it is definitely a degenerating eye and is endangering the other eye."

The record discloses that at the time the agreed settlement was entered into it was thought by petitioner that it might be necessary later to remove the eye; that he so informed one of the attorneys representing respondents and inquired of him whether, if it developed that he should have further trouble with the eye, he would be entitled to further medical treatment; and that the attorney stated that he would, and offered a letter written by him in which he confirmed that conversation. Petitioner relies upon that agreement in this proceeding. Such provision does not, however, appear in the agreed settlement, nor does it appear that such statement had ever been called to the attention of the commission at the original hearing. The agreed settlement in this respect provides:

"Said employer has furnished for said employee all medical services, etc., reasonably necessary in the treatment of said injury and in the amount of value as shown below: . . .

"It is a condition, however, of this agreement that in the event a change in condition occurs or arises, that the same shall not be final, but may be reopened and reviewed as provided by Sec. 7296, Compiled Oklahoma Statutes, 1921. . . ."

It is quite probable, as stated by counsel in his brief, that in advising petitioner as he did he had in mind the above section and simply was advising him as to his legal rights.

The commission in entering its final order in this respect entered its order in accordance with this agreement and ordered and directed respondents to pay all reasonable and necessary expenses incurred by petitioner in treating the eye in accordance with the claim then on file.

If, as now contended, it was at that time too early to determine whether further medical treatment would be necessary, and if it was agreed that if necessary respondent was to furnish further treatment, such provision should have been inserted in the agreed settlement, and upon approval of the settlement the commission might then have so ordered in its final order and award and such award might then have been enforced at any time thereafter.

McMurtry Bros. v. Angelo, 139 Okla. 236, 281 P. 964.

Petitioner urges that in addition to compensation as provided by schedule, 85 O.S. 1941 §22, he is entitled to all necessary medical treatment; that he is entitled to the full benefit of both provisions. This is a correct statement of the law and is precisely what the commission did in the present case, in the light of the agreed settlement and of the facts then before it.

The award of the commission ordering and directing respondents to pay all necessary and reasonable expenses incurred by petitioner in treating the eye in accordance with the claim then on file and awarding him compensation for the loss of the eye is a final order. The commission is therefore without power to modify or change the award except upon a showing of change in condition; and since the right to reopen on that ground is now barred by limitation and the commission is without power to award petitioner additional compensation, it is likewise without power to require respondents to furnish him with further and additional medical treatment. The commission ruled correctly in denying the application.

Order sustained.

CORN, GIBSON, DAVISON, O'NEAL, and BINGAMAN, JJ., concur.