**SANITARY LAND FILL COMPANY and Hartford Accident and Indemnity Company, Petitioners,**

v.

**John H. PEARSON, Hillcrest Medical Center, Dr. Averill Stowell and the State Industrial Commission of the State of Oklahoma, Respondents.**

No. 38198.

Supreme Court of Oklahoma.

Oct. 7, 1958.

Fenton & Fenton, Oklahoma City, for petitioners.

Howard C. Triggs, Oklahoma City, Mac Q. Williamson, Atty. Gen., Richard M. Huff, Asst. Atty. Gen., for respondents.

WILLIAMS, Justice.

The petitioners have appealed from an order of the State Industrial Commission entered December 17, 1957, allowing medical expenses in a proceeding wherein John H. Pearson was claimant and obtained an award for permanent partial disability against the Sanitary Land Fill Company, employer, and its insurance carrier, Hartford Accident and Indemnity Company.

The petitioners present two propositions as grounds for vacating the award. It is first argued the State Industrial Commission was without jurisdiction to enter the order. Petitioners cite in support thereof, Williams v. Central Dairy Products Co., 205 Okl. 266, 236 P.2d 984; 85 O.S.1951 § 14, and Derr v. Weaver, 177 Okl. 100, 57 P.2d 1153. While conceding the effect of the rule that an order can be made only for medical expenses incident to the award made, respondents attempt to distinguish the cases relied upon by petitioners in the case under consideration. Their applicability will not be discussed here because of the disposition made under the second proposition which is that the petitioners were denied a hearing on the claims before the State Industrial Commission.

The order granting the award for permanent partial disability to the body as a whole was entered on May 24, 1957, and was affirmed by the State Industrial Commission on appeal on June 27, 1957. This award made no mention of medical expenses.

The medical bills were presented on September 13, 1957. On November 13, 1957, petitioners filed the following:

"Response to Claim for Medical and Hospital Expenses

"Comes now the Respondent and Insurance Carrier and for their response to the claims and applications for an order of the Commission adjudging respondent and insurance carrier liable for and requiring them to pay medical and hospital and similar charges for treatment alleged to have been provided for claimant, allege and state:

"That on the 24th day of May, 1957, the Trial Judge made and entered an order awarding claimant compensation for a period of 200 weeks for 40% permanent partial disability to the body as a whole and that the said charges for said services accrued subsequent to said date;

by reason whereof, the Commission is without jurisdiction to make an order imposing liability upon this respondent and insurance carrier for the payment of such charges.

"Wherefore, Respondent and Insurance Carrier pray that the said claims for medical services be dismissed."

On November 14, 1957, the attorney for claimants filed the following:

"I have been served with Response to Claim for Medical and Hospital Expenses filed upon behalf of the respondent and insurance carrier, by their counsel Fenton & Fenton, having to do with the above-captioned matter.

"This letter is in the nature of a reply to the response, and likewise, copy is going to counsel.

"It is the position of the claimants that proper and timely demand for medical and hospital services was made upon respondent and insurance carrier into the record at the time the case was tried, and such demand was refused. Thereafter, under the terms of the statute claimant proceeded to secure the services and such are properly chargeable to the respondent and insurance carrier under the statute.

"I have talked with Mr. Edgar Fenton of counsel, and it is my understanding that the necessity and reasonableness of the charges are not an issue, and that neither of us have any evidence to present which would necessitate a formal hearing. It is my further understanding that this matter is now before you for your decision. If this does not meet with Mr. Fenton's understanding I am sure he will advise both you and me upon receipt of this letter."

On November 15, 1957, petitioners filed a supplemental response as follows:

"Supplemental Response to Claim for Medical and Hospital Expenses

"Comes now the Respondent and Insurance Carrier and supplements its Response dated November 12, 1957, by reason of the letter dated November 13, 1957, from Mr. Howard C. Triggs, Attorney for claimants, Dr. Averill Stowell and Hillcrest Medical Center, copy of which is hereby attached, and for such supplement to its Response states:

"That Respondent and Insurance Carrier does not admit, but denies that the treatment and hospitalization for which claim is made were necessary. Respondent and Insurance Carrier further assert that all of such questions relating to the necessity for or advisability of medical or surgical treatment were at issue before the Commission on and prior to the 24th day of May, 1957, and that by reason thereof the Commission is without jurisdiction or authority to make an order imposing liability upon this Respondent and Insurance Carrier for the payment of such charges."

The order made by the State Industrial Commission on December 17, 1957, is in part as follows:

"Now on this 17th day of December, 1957, this cause comes on for consideration pursuant to Form # 19's filed on behalf of Hillcrest Medical Center of Tulsa, Oklahoma, and Dr. Averill Stowell of Tulsa, Oklahoma, for hospital and medical services rendered claimant in connection with injuries previously adjudicated by final Order of this Commission in this cause. The parties enter their general appearance through their respective counsel, Howard C. Triggs, and Fenton & Fenton, and the issues having been joined by the filing of pleadings by both parties. The Trial Judge having considered the evidence, records, and being fully advised in the premises finds:

"That claimant through his counsel made due demand upon respondent and insurance carrier for necessary and proper medical treatment for proper rehabilitation of claimant, and same was refused and thereafter Claimant sought his own medical treatment.

"That the medical treatment and hospital services were commenced upon the 9th day of June, 1957, which was prior to the 20th day of July, 1957, the date the Trial Judge's Order in this cause became final.

"That the charges for medical services and hospital services are reasonable and such services necessary.

"It Is Therefore Ordered that respondent or insurance carrier pay to Hillcrest Medical Center the sum of $845.85 for treatment and hospital charges furnished from the 9th day of June, 1957, to the 7th day of July, 1957, and the sum of $310.65 for further services from the 7th day of July 1957, to the 3rd day of August, 1957, a total of $1156.50, and to pay the bill of Dr. Averill Stowell in the amount of $577.00 for professional services rendered the claimant.

"It Is Further Ordered that the sum of $231.30 be deducted from the amount paid to Hillcrest Medical Center and paid to Howard C. Triggs as a fair and reasonable attorney fee herein, and that the sum of $115.40 be deducted from the amount paid Dr. Averill Stowell, and paid to Howard C. Triggs, as a fair and reasonable attorney fee herein."

There was no order of the State Industrial Commission setting the case for a hearing. The findings of the State Industrial Commission are such as require a determination after due consideration of the evidence that petitioners might wish to present and such argument as they might choose to make after a full and complete hearing.

We are of the opinion and hold that due process was denied the petitioners, Amerada Petroleum Corporation v. Hester, 188 Okl. 394, 109 P.2d 820; Conrad v. State Industrial Commission, 181 Okl. 324, 73 P.2d 858; Pioneer Mills Co. v. Webster, 186 Okl. 616, 99 P.2d 507, and Kiespert v. Jenkins, Okl., 324 P.2d 283.

In Conrad v. State Industrial Commission, supra [181 Okl. 324, 73 P.2d 862], it is stated:

"In considering the claim of an attorney for fees in a proceeding before it the commission should not act arbitrarily nor upon an ex parte hearing but only after an opportunity has been afforded all of the parties interested to be present and to present their evidence in support of and in opposition to the claim and to thereupon approve the claim in such amount as may be commensurate to the services rendered by the attorney, at all times having due regard to the rights of both the workman and the attorney. * * *"

We think by analogy the above language is applicable to the proceeding on the claims for medical expenses presented in this case.

The cause is remanded to the State Industrial Commission with directions to va-

cate the order allowing the claims and to set the case for hearing on due notice to all parties in accordance with the views herein expressed.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.