**OKLAHOMA PLANNING AND RESOURCES BOARD and the State Insurance Fund, Petitioners,**

v.

**James T. HERREN and the State Industrial Commission of the State of Oklahoma, Respondents.**

No. 38361.

Supreme Court of Oklahoma.

June 30, 1959.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for petitioners.

Harold Springer, Ardmore, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

James T. Herren, hereinafter called claimant, filed his claim for compensation against Oklahoma Planning and Resources Board and its insurance carrier, the State Insurance Fund, and under date of July 24, 1957, claimant was awarded 80 per cent permanent partial disability to the body as a whole due to an accidental injury received May 31, 1956. This award was commuted to a lump sum and paid. On March 13, 1958, claimant filed a motion to reopen on

a change of condition and after a hearing thereon the State Industrial Commission entered an award in part as follows:

"Now, on this 29th day of April, 1958, the above entitled cause comes on for consideration, the State Industrial Commission being in session, pursuant to assignment made and hearing had at Oklahoma City, Oklahoma, before Judge Mildred Brooks Fitch, on March 28, 1958, the claimant appearing not in person but by his attorney, Harold Springer, and respondent and insurance carrier appearing by their attorney, Jack Baird, and the Trial Judge, being fully advised in the premises, finds:

"That claimant has suffered a change of condition for the worse since the order filed herein on July 24, 1957; that he is now and has been since February 27, 1958, permanently totally disabled, is in need of further medical care, and is entitled to 500 weeks compensation at $27.20 or $13,600.00, less $11,859.20 heretofore paid him, leaving a balance of $1,740.80, which claimant is entitled to have paid him, less tax and attorney's fee, at the rate of $27.20 per week, beginning at the end of the time of the running of said award of July 24, 1957.

"That claimant is entitled. to have paid by respondent and insurance carrier his reasonable and necessary medical bills incurred as a result of said injury since February 27, 1958, and is entitled to be furnished such medical care as may be necessary for correction of his condition due to said injury, at the hands of a competent physician to be selected by respondent or insurance carrier, for not to exceed 300 weeks, or until the further order of this Commission."

On appeal to the Commission en banc the award was affirmed. This proceeding is brought by the employer and its insurance carrier, hereinafter referred to as petitioners to review the award.

The sole argument made is that the State Industrial Commission was without juris- diction to enter an award for the payment of future medical treatment and expenses in the term and manner stated in the award.

85 O.S.1951, § 14, provides:

"The employer shall promptly pro- vide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital serv- ice, medicine, crutches, and apparatus as may be necessary during sixty days after the injury or for such time in ex- cess thereof as in the judgment of the Commission may be required. * * *"

In Williams v. Central Dairy Products Co., 205 Okl. 266, 236 P.2d 984, it is stated:

"After an award of the State In- dustrial Commission, awarding com- pensation to an injured employee and directing his employer to pay all rea- sonable and necessary expenses in- curred in treating the injury in ac- cordance with the claim then on file, becomes final, the Commission is with- out power to modify or change such award requiring the employer to fur- nish further and additional medical treatment except on application to re- open on the ground of change in con- dition for the worse, as provided by Sec. 28, 85 O.S.1941, and such applica- tion must be brought within the limit of time prescribed by Sec. 43, 85 O.S. 1941."

In the cases we have studied we have found none which ordered the payment of medical expenses after the date of the award when such award is for permanent disability.

The record discloses that claimant's dis- ability. is due to a heart condition. In the brief of petitioners it is stated:

"We respectfully show the Court that at both hearings claimant was alleging that he had the ultimate in disability. We believe it highly illogical that one who has the ultimate in disability should be granted total permanent dis- bility, and at the same time be entitled to medical treatment, not to exceed 300 weeks. * * *"

Petitioners do not seek to vacate the award because it is not supported by the evidence. The award was for permanent total disability and no further award could be made. The State Industrial Commission was authorized to order payment for medical expenses to the date of the award. It was not authorized to order future treatment for a period of not to exceed 300 weeks.

The award insofar as it purports to allow medical expenses subsequent to the date thereof is modified and as so modified the award is sustained.

JOHNSON, BLACKBIRD, IRWIN and BERRY, JJ., concur.

DAVISON, C. J., and WELCH and JACKSON, JJ., concur in result.

WILLIAMS, V. C. J., dissents.