**GARVIN COUNTY and the State Insurance Fund, Petitioners,**

v.

**C. L. DOUGLAS and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 40578.**

Supreme Court of Oklahoma.

July 21, 1964.

Mont R. Powell, Guy A. Secor, Oklahoma City, for petitioners.

Wendell E. Wrightman, Jack Baird, Fermon Hatcher, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

HALLEY, Vice Chief Justice.

Parties will be referred to by their Industrial Court designation of C. L. Douglas, claimant, and Garvin County and State Insurance Fund, respondents.

An Industrial Court Judge entered an order in this case on August 16, 1962, in which he found that claimant sustained an accidental personal injury arising out of and in the course of his hazardous employment with the respondent, on April 16, 1962, consisting of an injury to his heart and that as a result of that injury, claimant has sustained permanent and total disability for the performance of ordinary manual labor. The Court awarded the usual $15,000 to claimant. This order was appealed to the Industrial Court en banc where it was sustained on November 13, 1962.

No question is raised about the claimant's serious heart ailment. At a hearing before the same Judge on July 19, 1962, Dr. S of Oklahoma City, testified that the claimant had a bad heart involvement and that he could only do sedentary work and should never do any heavy work for the rest of his life and the doctor made this statement:

"* * * As a matter of fact, the prognosis is not good in anyone with angina pectoris, and it's not likely that he will live very many years."

The claimant has been treated by his family doctor at Stratford, Oklahoma.

On December 7, 1962, claimant made application for an order commuting his award to a lump sum so that he could obtain credit and cash loans for the maintenance and support of himself and family and that loans and purchases on credit were then due, owing and unpaid; that he had also incurred medical bills that were unpaid.

On January 21, 1963, the respondent through its carrier, State Insurance Fund, arranged for the claimant to be examined by Drs. D and B, on January 28, 1963. An expense check was sent to the claimant for his travel expenses. The claimant did not go to see Drs. D and B on January 28, 1963.

The hearing on the commutation was set down before the same judge on February 7, 1963. Although advised by the respondents that they wanted this medical testimony which they were unable to get because of the failure of the claimant to see the doctors, the court proceeded with the hearing. A complete statement of the claimant's financial condition was made to the court and he indicated that he would order $5,000 be commuted to a lump sum and the balance be paid to claimant at $30.00 a week.

The claimant's lawyer was not present at this hearing. The respondents called the court's attention to the fact that they wished to offer the medical testimony about the claimant's physical condition and his probable length of life and the court made the following two statements which are pertinent:

"Well, his lawyer might present stronger evidence. This is just the first blush but I think since you raised your point we ought to destroy this record. You raised the question—if he is entitled to anything. You are proposing to stop his possibility of a lump sum based on what your doctor says."

"But this man who is represented by an attorney, who has already been paid his fee, has certain rights. I have stumbled along here. Let Fermon come in and try this thing, he may have other facets."

It can be seen that the trial court did not make a final determination of the matter of the commutation.

On April 3, 1963, without further motions, testimony, notices or hearing in the matter, another judge, without hearing any evidence in the case or having an opportunity to read the evidence and without giving the respondents an opportunity to produce medical testimony found that it would be for the best interest of the claimant to commute the unpaid balance of the award entered on August 16, 1962, to a lump sum. From this order the respondents have perfected an appeal.

The respondents' sole and only ground for reversal is as follows:

"The Industrial Court's orders commuting claimant's award to a lump sum should be vacated for the reason that the same were premature, being rendered before a full and complete hearing was had on the issue."

With this we agree.

In the first place the respondents had not presented all their evidence although they had done all that could be expected of them at the time to get it. This they were entitled to have before the Court. It appears that the complete record was not before the judge making the order of commutation. Especially were the respondents entitled to present the medical testimony. The respondents were denied due process of law in this case. A. K. Spalding Const. Co. v. Walden, Okl., 268 P.2d 247 and Derr v. Weaver, 173 Okl. 140, 47 P.2d 573.

It is of some concern to the respondents that a commutation not be made in this case if the claimant is near death's door. In the trial to obtain the award, it was shown that the claimant did not have long to live, and we are of the opinion that the trial judge abused his discretion when he did not have a complete record of this case before him, having not heard the testimony and having not heard the testimony of the respondents' physicians.

It is well settled that where it is shown that the claimant is likely to die very soon an award for periodical payments should not be commuted to a lump sum. Kerr's, Inc. v. Smith, Okl., 359 P.2d 330 and Parkhill Truck Co. v. Emery, 166 Okl.

280, 27 P.2d 333. Surely the respondents should have the right to offer evidence of the life expectancy of the claimant. This was denied.

We think that the order of commutation made in this case should be vacated and a hearing had in which respondents can present their evidence.

Orders commuting award vacated.

DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.