**Alma Jane BELL, Petitioner,**

v.

**J. H. ROSE TRUCKING COMPANY, a corporation, and Transport Insurance Company, a corporation, and the State Industrial Court, Respondents.**

**No. 42751.**

Supreme Court of Oklahoma.

Feb. 25, 1969.

Rehearing Denied April 8, 1969.

William A. Kerr, Carl E. Moslander, Oklahoma City, for petitioner.

Jay R. Bond, Ross, Holtzendorff & Bond, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

WILLIAMS, Justice.

This is an action seeking review of an order of the State Industrial Court, sitting en banc, vacating an award entered by the trial judge allowing the petitioner, Alma Jane Bell, claimant below, death benefits for the death of her husband, Oliver K. Bell, while industrially employed. Parties will be referred to as they appeared before the State Industrial Court. The deceased Bell will be referred to as "deceased".

The evidence is undisputed that while working in the course of his employment as a truck driver for the respondent, J. H. Rose Trucking Company, the deceased, Oliver K. Bell, on June 11, 1965, on a highway near Tucson, Arizona, lost control of his truck, and either jumped or was thrown therefrom sustaining a skull fracture from which injury he died some seven or eight hours later.

The deceased left surviving as his heirs, his wife, Alma Jane Bell, and his minor daughter, Kanetha Jane Bell, both of whom he had been supporting.

The sole defense of the respondent is that the death of Oliver K. Bell resulted directly from his intoxication while on duty. The Workmen's Compensation Act, 85 O.S.1961, § 11, exempts the employer from liability where the injury or death of the employee "results directly from the intoxication of the injured employee while on duty."

In a previous proceeding in this case, J. H. Rose Trucking Company v. Bell, Okl., 426 P.2d 709, we reversed an award of the State Industrial Court in favor of the claimant, because of error of the trial tribunal in excluding from the evidence the testimony of a chemist and pathologist regarding the alcoholic content of samples of blood taken from the body of the deceased soon after the accident, with directions to the Industrial Court to conduct further proceedings.

At the second trial of the case the trial judge restricted the trial to a reconsideration of the evidence submitted at the first trial including the testimony of the chemist and pathologist. Respondent sought the admission of new depositions taken since the first trial and also the testimony of lay witnesses regarding the condition of the truck at the time of the accident. In our decision reversing the trial tribunal's earlier order, we directed the trial court to conduct "further proceedings." A trial de novo is intended if such trial is necessary. The trial court erred in excluding the new testimony but as we view this case the error was harmless.

At the second trial the trial judge found "that Respondents have failed to prove that intoxication was the cause of the accidental injury and resulting death of Oliver K. Bell" and entered an award in favor of the claimant. Respondents appealed to the Industrial Court sitting en banc. Before the case was considered by the Industrial Court, sitting en banc, the term of the trial judge expired and he was replaced by a new judge. The full court, sitting en banc, including the new judge, by a vote of three to two vacated the award of the trial judge

and denied the claim of the claimant, holding "that said accident resulted from intoxication of claimant."

The Industrial Court sitting en banc on appeal is authorized "to enter such award as was warranted by the evidence." Sullivan-Anderson Well Servicing Co. v. Berry (1957), Okl., 312 P.2d 943. It is the duty of the court sitting en banc to review the record and enter such order as it "may deem proper, just and equitable as between the parties." Rodriquez v. Utilities Engineering & Construction (1955), Okl., 281 P.2d 946.

The State Industrial Court, sitting en banc, has the same authority originally vested in the trial judge. It is required to review the entire record and is authorized to "make a new and independent order, or award based on the record." Bryant-Hayward Drilling Company v. Cook (1968), Okl., 439 P.2d 480; Edmonds v. Skelly Oil Co. (1951), 204 Okl. 471, 231 P.2d 360.

Counsel for the claimant argue that claimant was severely handicapped because the trial judge being no longer a member of the court could not sit as a member of the court sitting en banc and counsel and advise with the other members of the court concerning the facts and the merits of the claim. The trial judge does not always participate in hearings before the court sitting en banc and there is no rule requiring him to participate. Special Indemnity Fund v. Taylor, 199 Okl. 571, 188 P.2d 866.

In the present case there was available for the use and benefit of the members of the court in reviewing the case a complete written transcript of the testimony.

In narrative form the evidence reflected in the record supporting the order of the trial court is as follows:

Deceased was driving a truck down a regulation highway. Another motorist observed him and testified he did not observe anything particularly wrong about deceased's driving except that he would sometimes permit his truck to meander

across the center line of the highway and then pull back to his own side, and except that deceased drove along even with the witness's back bumper as if to pass for half a minute or a minute or so, then got back in line and later passed at a speed barely great enough to overtake and pass the witness's auto. Witness's wife testified to deceased's crossing the center line on two or three occasions. Thereafter, deceased suddenly lost or relinquished control of his truck and fell or was thrown from it. He struck his head on the pavement or some other object, sustained a fractured skull and died some seven or eight hours later.

A police patrolman testified that he learned about the accident from a radio dispatch on his car radio and that the injured party had been transported to St. Mary's Hospital; that the injured man, Bell, was being furnished first aid in the emergency room by Dr. M. Mr. Bell was still alive. Witness smelled Bell's breath and was within two inches of his face. He could smell an odor of intoxicating beverages on Bell's breath and also on his body, particularly on his head, neck and shoulders. He thought that Bell had probably vomited.

The accident occurred at about 9:30 P. M. on June 11, 1965. Deceased died at approximately 4:00 A.M. the following morning June 12, 1965. Dr. B., a pathologist, performed an autopsy on the body of the deceased on June 12, 1965. He removed specimens of blood from the heart of the deceased which were preserved for analysis.

June 12, 1965, was Saturday. At 8:00 o'clock on the following Monday, June 14, 1965, Mr. V., a chemist, employed by the City-County Crime Laboratory of the City of Tucson, Arizona, made standard chemical tests on the blood of the deceased for determining the alcoholic content. He testified that the tests established the blood samples to contain .21 per cent alcohol. He further testified that a living person

burns off alcohol in the normal course of metabolism and a sample of blood taken eight hours after an accident would show less alcoholic content than existed at the time of the accident.

Dr. B. testified that alcohol in the blood in the body oxidizes at the rate of .015 per cent per hour and if the blood samples taken from the body of the deceased in the hospital about ten hours after the accident showed the alcoholic content of his blood to be .21 per cent, the alcoholic content of his blood at the time of his admission to the hospital would have been approximately .35 per cent; that with a blood alcoholic content of .35 per cent a person would be considered as strongly under the influence of alcohol.

Dr. S. in answer to a hypothetical question stated as his professional opinion that with a showing of 0.21 per cent alcohol content in his blood the deceased was definitely intoxicated at the time of the accident and his intoxication entered into the cause of the accident. He further stated it is well recognized that a 0.15 per cent alcoholic content in the blood indicates intoxication.

The facts presented here are almost identical with those involved in Dunaway v. Southwest Radio and Equipment Co., Okl., 331 P.2d 365, wherein we affirmed an order of the State Industrial Court denying the claimant compensation for the reason that the evidence definitely established the injuries to have been caused by the intoxication of the claimant.

■ The finding of the State Industrial Court sitting en banc that the death of the deceased was caused by his own intoxication is supported by reasonable, competent evidence and will not be disturbed by this Court on appeal. Williamson v. Grimm, Okl., 425 P.2d 992; Trout v. Gandy, Okl., 424 P.2d 52; Keller v. Campbell Glass & Mirror Co., Okl., 410 P.2d 873; Blackwell v. Special Indemnity Fund, Okl., 398 P.2d

665; Orth Kleifeker & Wallace v. Scott, 173 Okl. 448, 49 P.2d 112.

Order denying death benefits award sustained.

All the Justices concur.