Everett T. REID, Claimant, and State Industrial Court, Respondents-Appellees,

v.

PHILLIPS PETROLEUM COMPANY, a corporation, Petitioner-Appellant.

No. 46932.

Supreme Court of Oklahoma.

Jan. 21, 1975.

Elmore A. Page, Tulsa, for respondents-appellees.

Lloyd G. Minter, C. J. Roberts, Bartlesville, Edward J. Fauss, Galen E. Ward, Oklahoma City, for petitioner-appellant.

DOOLIN, Justice.

This is a proceeding to review a State Industrial Court en banc order vacating a

trial judge's order, and remanding the cause for further proceedings.

Claim for compensation alleged accidental personal injury resulting from automobile collision, during course of covered employment as a floorman-driver for petitioner, hereafter the respondent.

Respondent answered denying claimant sustained compensable injury or suffered any disability. Respondent specifically denied engagement in hazardous employment at time of injury, and alleged any disability resulted from pre-existing condition.

After hearing, a trial judge entered an order denying a claim for compensation for the reason at time of injury claimant was not engaged in hazardous employment as defined by the Act, 85 O.S.1971 § 3(1).

Claimant appealed this order and decision to State Industrial Court en banc. Upon review that court vacated, set aside, and held for naught the order of denial, and remanded the cause for trial de novo. This proceeding for review attacks correctness of that order on grounds of failure of State Industrial jurisdiction to enter any order, and because void for lack of evidentiary support.

■ The dispositive issue has not been presented for review. State Industrial Court duty on en banc appeal is to review the record and enter such order as is deemed proper, just, and equitable between the parties. Bell v. J. H. Rose Trucking Co. (Okl.), 452 P.2d 141; 85 O.S.1971 § 77. The case may be remanded to the trial judge for further proceedings. N. D. Crutcher Const. Co. v. Harbin (Okl.), 434 P.2d 881.

■■ Only those decisions which grant or deny an award to an employee, or otherwise affect final determination of the rights of the parties, are reviewable. 85 O.S.1971 § 29. This order submitted for review neither granted nor denied an award of compensation, but left the cause pending for final adjudication in a subsequent proceeding. This was merely an interlocutory order, which lacked attributes of finality and may not be reviewed by this Court in a proceeding instituted under § 29, supra; Dawson v. Ferguson (Okl.), 398 P.2d 820.

Petition for review dismissed.

All Justices concur.