**CITY OF FREDERICK and State Insurance Fund, Petitioners,**

v.

**Orville Frank ELMORE and the State Industrial Court, Respondents.**

**No. 51021.**

Supreme Court of Oklahoma.

Dec. 19, 1978.

Sam Hill, Richard G. Mason, Oklahoma City, for petitioners.

Thomas W. Woody, Oklahoma City, for respondents.

DOOLIN, Justice:

This proceeding for review presents two issues. First, is the State Industrial Court authorized to order further medical treatment when awarding compensation for permanent partial disability? Secondly, did State Industrial Court commutation of total award to lump sum payment constitute abuse of discretion?

There is no controversy concerning facts of accidental injury and resulting disability. Claimant sustained a heart attack in August 1975, while working and was placed in the intensive care for five days, and returned home. A further attack while sleeping necessitated his removal to Oklahoma City for hospitalization and eventual open heart surgery. Claimant returned to light work but was unable to perform without difficulty and was forced to quit work upon the advice of the heart specialists. As result of injury claimant was unable to perform anything requiring minimal exertion. He sometimes suffers severe chest pains just sitting at home, and remains under strict regimen of a variety of medication. The heart surgeon had advised claimant there was possibility further heart surgery would be necessary.

A trial judge's corrected order found claimant sustained accidental injury due to heart attack during covered employment; temporary total compensation had been paid (62 weeks), and claimant had sustained 80% permanent partial disability due to accidental injury. Upon en banc appeal State Industrial Court modified this order:

"That respondent and insurance carrier are ordered to provide claimant with continuing medical treatment; that claimant was temporarily totally disabled from August 21, 1975 to October 13, 1975 and April 30, 1976 to October 29, 1976, for which time he is entitled to compensation for 33½ weeks, in the total amount of $2,010.00; that claimant's permanent partial disability remains at 80% to the body as a whole."

The order then was affirmed as modified.

Petitioners, hereafter respondents, first contend the State Industrial Court erred in ordering respondents to provide claimant with continuing medical care. Two grounds of argument are advanced. The first urges claimant did not appeal the trial judge's order, as provided by 85 O.S.1971 § 77, or within requirements of State Industrial Court Rule 17. And, sections 29 and 77 of the Act, declare orders and awards of that court became final absent timely appeal. Therefore, claimant's failure to appeal finalized the trial judge's order and State Industrial Court en banc was without jurisdiction to consider the unappealed question. Therefore the order for continuing medical treatment was void.

■ Authorities offered to support this conclusion are inapplicable. The Act, supra, § 77(9) authorizes appeals from a trial judge's order to State Industrial Court en banc:

" * * * Upon the filing of such appeal, the entire Commission, or a majority thereof, sitting as a body shall hear such appeal, and upon completion thereof shall issue such order, decision or award as it may deem proper, just and equitable. * * * ".

This provision has been construed and applied innumerable times since amended,

S.L.1939, Sec. 2, Art. 2, Ch. 72. In *Amerada Petroleum Corporation v. Hester,* 188 Okl. 394, 109 P.2d 820 (1941), it was pointed out an en banc appeal contemplates hearing on questions of law and fact, or mixed questions of law and fact, to be determined on the record made before the trial judge. In *Edmonds v. Skelly Oil Co.,* 204 Okl. 471, 231 P.2d 360 (1951), we held duty of State Industrial Court on appeal is to make a new and independent order, or award based upon the record. That court en banc must review the record and enter such order as is deemed proper, just and equitable. *Reid v. Phillips Petroleum Co.,* 531 P.2d 340 (Okl. 1975); *Bell v. J. H. Rose Trucking Co.,* 452 P.2d 141 (Okl.1969).

■ Respondents' second ground of argument insists State Industrial Court lacked authority to award permanent partial disability benefits and simultaneously order continuing medical treatment. Respondents argue the principle of our decision in *Orrick Stone Company v. Jeffries,* 488 P.2d 1243 (Okl.1971). However, respondents attempt to distinguish between that decision and the present case in that *Jeffries* involved permanent total disability, whereas this case concerns permanent partial disability. Further, they argue no legislative revision has expanded benefits extended under the Act since the *Jeffries* decision. To affirm this order, which awards continuing medical treatment, would invoke the legislative function by retroactively doing what the Legislature did not see fit to do.

This argument does not require extended discussion. Nothing contained in reasoning presented in *Jeffries* offers basis for claiming future medical care can be awarded only for permanent *total* disability. Prior to *Jeffries,* the rule set out in *Oklahoma Planning and Resources Board v. Herren,* 341 P.2d 599 (Okl.1959), was that award for future medical expenses could not be made along with an award for permanent *partial* disability. In *Jeffries* the *Herren* decision specifically was overruled, and attention was directed to *McMurtry Brothers v. Angelo,* 139 Okl. 236, 281 P. 964 (1929). This case held full payment of permanent partial

disability compensation did not preclude an order for respondents to pay expense of further medical treatment.

No provision of the Act or any expression in our decisions, supports respondents' claim that further medical treatment cannot be ordered following award for permanent partial disability. To the contrary, reasoning expressed in *Jeffries* indicates an order for further medical treatment may properly be entered after court determinations of reasonableness and necessity. Under section 14 of the Act, an employer must furnish medical care beyond 60 days following injury if, within the court's judgment this is required. The *Jeffries* decision quoted from *Angelo* in respect to required medical care: " * * * as will reasonably and seasonably tend to relieve and cure the injured employee from the effects of the injury. * * * ".

The evidence showed extensive medication was necessary to maintain claimant, further medical supervision was needed, and further surgery was a possibility. Under these circumstances the order for continuing medical care, after award of compensation for permanent partial disability, was proper under requirements of the statute.

The second proposition urges commutation of the award to a lump sum constituted an abuse of discretion. Respondents insist evidence discloses a combination of factors which shows a grave physical condition establishing a bad prognosis. This creates an inference claimant is unlikely to live out the term of this award, and in interest of justice this order should be set aside and compensation be paid weekly. Although no evidence intimated death was impending, the inference created should bring review of this order within rules stated in *Kerr's, Inc. v. Smith*, 359 P.2d 330 (Okl.1961) and *Garvin County v. Douglas*, 394 P.2d 469 (Okl.1964).

These decisions are inapplicable to the matter reviewed. In the *Smith* case evidence affirmatively showed commutation was ordered either on day of death or the prior day, in an effort to defeat the rule then effective, that an award abated upon a claimant's death. A commutation order was vacated in the *Douglas* case, for failure to accord due process because respondent had been denied the right to introduce evidence of the claimant's life expectancy. Also see *Independent School District No. 1 of Tulsa County v. Albus*, 572 P.2d 554 (Okl.1977) requiring proper application for commutation.

Herein respondents offered no evidence bearing upon this matter, although there was opportunity to do this. We have held certainty of death cannot be equated with impending death because of a claimant's incurable malady, absent some specific declaration as to probable time. *Fox-Smythe Transportation Company v. McCartney*, 510 P.2d 686 (Okl.1973). State Industrial Court's commutation of award for permanent partial disability to lump sum did not constitute an abuse of discretion under the record.

ORDER SUSTAINED.

HODGES, C. J., and WILLIAMS, SIMMS and HARGRAVE, JJ., concur.

LAVENDER, V. C. J., and IRWIN, BARNES and OPALA, JJ., dissent.

IRWIN, Justice, dissenting:

The trial judge did not award medical benefits to claimant and claimant did not appeal to the State Industrial Court en banc. The court en banc awarded the medical benefits notwithstanding claimant's failure to appeal. Respondent argues that claimant's right to medical benefits was not properly before the court en banc and it had no authority to award such benefits. To sustain the award the majority opinion relies upon certain language contained in 85 O.S.1971 § 77(9), and the following decisions: *Amerada Petroleum Corporation v. Hester*, 188 Okl. 394, 109 P.2d 820 (1941); *Edmonds v. Skelly Oil Co.*, 204 Okl. 471, 231 P.2d 360 (1951); *Bell v. J. H. Rose Trucking Co.*, Okl., 452 P.2d 141 (1969); and *Reid v. Phillips Petroleum Co.*, Okl., 531 P.2d 340 (1975).

Although the language used in the above cases might suggest that it would be applicable under any and all circumstances, an examination of those cases discloses a proper appeal was taken to the court en banc and the issue determined was properly before the court. None of the cited cases contain any procedural facts even remotely similar to the case at bar, i. e., the failure to appeal or cross appeal was not even present, presented or discussed in the cited cases.

85 O.S.1971 § 29, provides for the finality of an award or decision of the Industrial Court unless an appeal is properly lodged. 85 O.S.1971 § 77(9), provides that either party feeling himself aggrieved by the "decision or award *shall*, within ten (10) days have the right to appeal * * *" to the court en banc, and "Such appeal shall be allowed as a matter of right to *either party* upon filing with the Secretary of the Commission notice of such appeal." The statutory language relied upon by the majority provides:

" * * * Upon the filing of such appeal, the entire Commission, or a majority thereof, sitting as a body shall hear such appeal * * *"

In my opinion, the words "such appeal" as above employed, have reference only to the appeal of the "aggrieved party" who has appealed and have no reference whatsoever to matters which may have "aggrieved" a party but who filed no appeal.

85 O.S.1971, § 77, empowered the State Industrial Court to adopt and promulgate reasonable rules necessary for the transaction of its business not inconsistent with the Workmen's Compensation Act. Pursuant to this authority, the Industrial Court adopted rules, 85 O.S.Supp.1977, Ch. 4, App., and among these were Rule 17, which provided:

"Appeal to the Court en banc from orders of the Trial Judge may be taken by filing a written Notice of Appeal with all specifications of errors of law and facts designated therein, within ten (10) days from the date of the entry and mailing of the order appealed from and all errors of law specified in the appeal notice shall be supported by legal authorities therein cited. Copies of all appeals and specifications of error shall be served on the opposing party, or parties, at the time of taking the appeal, who shall have five (5) days after receipt thereof in which to respond in writing to all specifications of errors of law and citation of legal authorities.

"Appeals will be set before the Court en banc in due course for oral arguments which shall be limited to ten (10) minutes to each party to the appeal, except in cases where permission is granted for longer time to argue.

"ANY PARTY FAILING TO APPEAR AT THE TIME THE CASE IS CALLED WILL BE CONSIDERED TO HAVE WAIVED HIS RIGHT TO ARGUE THE CASE AND TO HAVE SUBMITTED SAME ON THE RECORD.

"No new evidence will be considered on appeal." (Emphasis the court's)

It is also noticed that Rule 30, which became effective August 15, 1978, relating to appeals, provides in subparagraph (F), that:

"A party who does not take an appeal may not assert error in the decision under review and may not ask for any affirmative relief."

In my opinion, such rules are not inconsistent with the Workmen's Compensation Act, but are necessary and proper rules. As I read the majority opinion, it repeals, or at least modifies, the above rules. Under the majority opinion, if a claimant feels aggrieved by an order of the trial judge and appeals to the Court en banc, may the Court, based upon the record made before the trial judge, make a new and independent order that would inure to the benefit of the employer even though the employer did not appeal to the Court en banc? It would appear that the majority opinion would permit the Court en banc to make just such an order.

I respectfully dissent.

I am authorized to state that LAVENDER, V. C. J., and BARNES and OPALA, JJ., concur in the views herein expressed.

OPALA, Justice, dissenting:

The course taken by the court's opinion does violence to the orderly function allocated by 85 O.S.1971 § 77(9) to en banc review in the now defunct State Industrial Court.

Conceptual purity of analysis has not always been characteristic of the treatment given by our case law to en banc review. Our desire not to encumber the claims' process with needless procedural technicalities may have influenced this development. A commitment to making *en banc review appellate in character* is to be divined from our latest expressions. *Department of Public Safety v. Jones*, Okl., 578 P.2d 1197, 1199 [1978] and *McSperitt v. Sooner Service, Inc.*, Okl., 431 P.2d 443 [1967]. Both decisions strongly counsel against using en banc proceedings as a trial *de novo* rather than as an appellate re-examination on the record.* A de novo trial is by its very nature unimpeded by the procedural posture shaped before the trial judge, while on appeal the parties stand confined to the issues below. The statutory language in 85 O.S.1971 § 77(9) must lead us away from whatever intellectual commitment still remains to the notion favoring an unstructured or quasi-appellate framework for the en banc review. The statute speaks of an "appeal", of an "aggrieved" party and of review "on the record." These words must be accorded their accepted legal meaning because "no contrary intention plainly appears" in the text. 25 O.S.1971 § 1.

A party who does not take an appeal stands in a posture restricted to the defense of the relief granted below. This much is basic in the adversary nature of appellate litigation. *Woolfolk v. Semrod*, Okl., 351 P.2d 742 [1960]. The adversary system, we have recently reaffirmed, applies with equal force to proceedings in the Industrial Court. *Ind. Sch. Dist. No. 1 of Tulsa County v. Albus*, Okl., 572 P.2d 554, 557 [1977]. *Albus* stands for the principle that in the claims' trial process a judge is relegated to his traditional role of a neutral and detached trier of issues *framed or presented for his resolution by the parties*. In *Williams v. Oklahoma National Stockyards Company*, Okl., 577 P.2d 906, 908 [1978] we gave full recognition to the altered nature of the compensation process that came about with the change of the body adjudicating it from an administrative board to a court of law. *Williams* holds that we may no longer exempt an industrial claim from the basic procedural characteristics and consequences applicable generally to special statutory proceedings.

This court's opinion exempts en banc review from the adversary system. It perpetuates that stage of claims' process as an unstructured and rule-free arena. This offends my notion of quality judicial process. Moreover, if litigants are subjected with impunity to unexpected and hidden issues, additional liability may be imposed upon them en banc for merely invoking their statutory right of review. This will no doubt have a "chilling effect" on the use of en banc appeals and hence may tend unduly to increase our workload here—a result neither sanctioned nor contemplated by the statutory division of responsibilities between this court and the appellate tribunal en banc.

The procedural vacuum the court sanctions today for the conduct of en banc review will undoubtedly have a profound effect on our own corrective process. Litigants aggrieved by a trial judge's decision, freed by us from the strictures of the adversary process, will be encouraged to present en banc only some issues but withhold others to be raised, for strategy reasons, in a further appeal to this court. Since no one could ever be sure from the record of an unstructured en banc review what issues were in fact litigated or litigable, we would be powerless to confine appellants in this court to the assignments of error made and presented by them en banc.

Because fairness cannot be afforded except within a framework of orderly procedure, I would vacate the "benefit" conferred en banc on a non-appealing litigant.

---

* For definition of trial de novo see *Shelton v. Lambert*, Okl., 399 P.2d 467, 470 [1965] and *In re Initiative Petition No. 281, State Question No. 441*, Okl., 434 P.2d 941, 945, 946 [1967].

I am authorized to state that LAVENDER, V. C. J., and IRWIN and BARNES, JJ., concur in my views.