C.A. REAVES, Claimant,

v.

UNIROYAL TIRE COMPANY, Employer,

and

Own Risk, Insurance Carrier.

No. 59317.

Court of Appeals of Oklahoma, Division No. 1.

March 1, 1983.

Rehearing Denied March 14, 1983.

Released for Publication by Order of Court of Appeals April 22, 1983.

King, Roberts & Beeler by K. David Roberts, Oklahoma City, for claimant.

Wallace, Bickford, Pasley & Farabough by Harry L. Bickford, Ardmore, for employer and insurance carrier.

YOUNG, Judge:

Subsequent to a final award of permanent partial disability, and in the absence of any provision in the final order for future medical payments, and in the absence of a motion to reopen for change of condition for the worse, the trial judge of the Workers' Compensation Court awarded claimant, C.A. Reaves, additional medical and travel expenses. Petitioner, Uniroyal Tire Company, challenges the propriety of that order.

In 1979, Reaves received an accidental low back injury arising out of and in the course of his employment at Uniroyal. In its final order of October 2, 1981, the trial court found that as a result of this injury, Reaves sustained 35 percent permanent partial disability to the body, and an appropriate order of payment was made. The order contained no provision for future medical expenses, nor was any request made, nor was any competent evidence presented regarding a necessity for continuing medical treatment. The order of October 2, 1981, was not appealed either to the court *en banc* or the Supreme Court by either party and thus became a final order.[1] Neverthe-

---

1. Title 85 O.S.1981 § 3.6 provides the procedure for appeal from the Orders of the Court and provides in subsection B thereof as follows: "B. The order, decision or award of the court shall be final and conclusive upon all questions within its jurisdiction between the parties, unless, within twenty (20) days after a copy of such order, decision or award has been sent by the administrator to the parties affected, an action is commenced in the Supreme Court of the State to review such order, decision or award. Any order, decision or award made by a judge of the court shall be considered as final under the provisions of this section unless appealed to the Workers' Compensation Court sitting *en banc* as provided for in subsection A of this section. The order, decision or award of a judge of the court shall be final and conclusive upon all questions within his jurisdiction between the parties unless appealed directly to the Supreme Court or the Workers' Compensation Court sitting *en banc* as hereinbefore provided. . . ."

This provision providing for the finality of orders of the Workers' Compensation Court is modified by certain specific provisions of the Workers' Compensation Act which give the Court certain continuing jurisdiction as set out in Title 85 O.S.1981 § 84 which provide the method for reopening on the ground of change

less, the trial court, over Uniroyal's objections, pursuant to Reaves general motion with no assertion of a change of condition, held a hearing to determine medical and mileage expenses which had accrued subsequent to the date of the original final order, and awarded Reaves additional medical expenses and travel reimbursement supplemental thereto. Uniroyal contends that inasmuch as no appeal was taken by either party to the Workers' Compensation Court sitting *en banc* or to the Oklahoma Supreme Court, the trial judge did not have authority to modify or change the final award of October 2, 1981, except on application to reopen on the ground of change of condition for the worse. We agree.

■ Without question, the trial court could originally have entered an order for continuing medical treatment, if it had been requested to do so and if it had been proper under the evidence, at the time of the hearing on October 1, 1981, or at a time prior to that date. 85 O.S. 1981 § 84. It is also clear that the Workers' Compensation Court has continuing jurisdiction to modify its final orders under properly filed and presented motions to reopen for change of conditions. 85 O.S.1981 § 28. In addition, it is clear that the court *en banc* upon appeal by either party may grant further medical treatment after an award of permanent partial disability in the absence of a formal request by claimant where the evidence shows that extensive medication and supervision is necessary and further surgery is a possibility. *City of Frederick v. Elmore,* 587 P.2d 1365 (Okl.1978). However, these legal principles do not apply in the situation here. Mr. Reaves has not followed any of these procedures to obtain additional compensation.

■ At the October 1, 1981 hearing, Reaves had an opportunity to present evidence concerning a need for continuing medical payments. At this hearing, Reaves did not testify that he needed or desired further medical treatment. The fact that the hearing was set on the issue of permanent partial disability certainly did not preclude Reaves from establishing a need for further medical payments for treatment of the injury causing his permanent partial disability. A claimant's right to medical treatment is an ancillary remedy connected to and dependent upon the claimant's right to recover compensation in the first place. *Black Gold Petroleum Co. v. Hirshfield,* 182 Okl. 634, 79 P.2d 566 (1938). Yet, Reaves did not avail himself of that remedy, nor did he seek any provision for additional future relief whatsoever. Furthermore, Reaves chose not to appeal the award on the ground of inadequacy to the court *en banc* or to the Supreme Court. Reaves has, in effect, allowed that order to become final and now claims he is entitled to additional compensation without following the well-defined rules and procedures set down by the Workers' Compensation Court Rules and by the Legislature.

■ Although Reaves concedes that neither party requested an order relative to future medical, he now argues that a certain statement in a medical report submitted at the original hearing, to the effect that Reaves "*may,* in fact, need a fourth [surgery] *if* his symptomology continues," [emphasis added], and a statement from another medical report which had been introduced for the sole purpose of background or historical information by stipulation of the parties, constituted evidence of a need for continuing medical payments. It is implied that in view of these statements it was incumbent upon the trial judge not to remain "silent" in his final order regarding future medical benefits regardless of the failure of either party to raise the question and the speculative nature of the statements. We cannot agree. To so hold would do violence to the orderly procedure allocated by statute and court rule. Fairness cannot be afforded except within a framework of orderly procedure. Moreover, litigants should not be subjected to additional liability by unexpected and hidden issues. Otherwise, a court's order would never be final. Due process of law

in condition as set out in Title 85 O.S.1981 § 28.

requires an orderly hearing after proper notice to the contestants of a claim for medical expenses. *Sanitary Landfill Co. v. Pearson,* 330 P.2d 576 (Okl.1958). Reaves is not, therefore, entitled to recover additional medical expenses in the manner in which he has attempted to do so here. This is not to say that Reaves is entirely precluded from recovering future medical expenses. In the event further treatment or surgery is necessary, the proper way Reaves may get additional medical compensation is by filing an application alleging a change in condition for the worse.

In *Williams v. Central Dairy Products Co.,* 205 Okl. 266, 236 P.2d 984 (1951), it was held:

> That after an award of the State Industrial Commission, awarding compensation to an injured employee and directing his employer to pay all reasonable and necessary expenses incurred in treating the injury in accordance with the claim then on file, becomes final, the Commission is without power to modify or change such award by requiring the employer to furnish further and additional medical treatment except on application to reopen on the ground of change in condition for the worse.

The only legitimate source of authority upon which Reaves challenges the *Williams* holding is *City of Fredrick v. Elmore, supra.* That case, however, is not applicable here. The reasoning deducted by the Court in *Elmore* applies only to *en banc* review by the Workers' Compensation Court and clearly does not mandate a revision of the method of review of the Oklahoma Supreme Court. The rationale in *Elmore* upon which Reaves relies, turns upon the duty of the court *en banc* to make a new and independent order, and to issue such order, decision or award as it may deem proper, just and equitable. Thus, nothing contained in the reasoning presented in *Elmore* offers a basis for our court or the Oklahoma Supreme Court using *de novo* procedure rather than traditional standards

of appellate re-examination wherein the parties stand confined to the issues below.

REVERSED.

REYNOLDS, P.J., and ROBINSON, J., concur.