David B. HEFNER, Petitioner,

v.

AMERICAN AIRLINES, Traveler's Indemnity, and the Workers' Compensation Court, Respondents.

No. 83444.

Court of Appeals of Oklahoma, Division No. 3.

Sept. 6, 1994.

Certiorari Denied Nov. 17, 1994.

J.L. Franks, Frasier & Frasier, Tulsa, for petitioner.

Malcolm D. Smith, Jr., Best, Sharp, Holden, Sheridan, Best & Sullivan, Tulsa, for respondents.

OPINION

ADAMS, Judge:

Claimant David Hefner injured his back in the course of his employment at American Airlines (Employer). Employer stipulated that Claimant had suffered an accidental injury arising out of and in the course of his employment. It is also undisputed that Claimant has herniated disks at L4–5 and L5–S1 as a result of his injury. Claimant's treating doctor recommended surgical intervention, but Claimant declined because he could get no guarantee that surgery would help.

Claimant requested a hearing to determine the extent of his permanent partial disability, but also asked the trial court to order continuing medical treatment in the form of prescription medicine and to reserve future medical treatment for the purpose of surgery. According to the record, Claimant's evaluating doctor expressed no opinion on whether Claimant presently needed surgery but opined surgery in the future might be necessary. Employer's evaluating doctor stated that Claimant had achieved "maximum medical recovery" and "could not be benefitted by operative procedures."

The trial court awarded benefits to Claimant based on a disability determination within the bounds of the ratings by the experts. The trial court ordered Employer to furnish continuing medical treatment in the form of prescription drugs but denied Claimant's request to reserve the issue of future surgery.

Claimant filed an *en banc* appeal limited to that issue, and the three-judge panel affirmed. This review proceeding followed.

Citing *Reaves v. Uniroyal Tire Company,* 671 P.2d 679 (Okla.App.1983), Claimant argues the trial court erred as a matter of law when it did not reserve the issue of future medical treatment after he presented evidence that the surgery had been recommended by his physician. He argues that he should not be denied his statutory right to medical treatment because he declined to follow the physician's recommendation and chose a conservative course of treatment.

■ We need not consider whether *Reaves* would allow the trial court to reserve the future surgery issue while at the same time awarding permanent partial disability benefits. The record contains competent evidence upon which the trial court could find that surgery was not warranted. If the trial court's decision was based on such a finding, we may not set it aside. *See, Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984).

■ Moreover, in *Bill Hodges Truck Company v. Gillum,* 774 P.2d 1063 (Okla.1989), decided after *Reaves,* the Oklahoma Supreme Court concluded future medical care designed to alter a claimant's physical condition is inconsistent with an award of permanent partial disability in the absence of a change in condition. As explained by the *Gillum* Court, an award of permanent partial disability is:

> [a] solemn adjudication that the worker's healing period has come to an end and his condition or state of health has reached the very optimum that is *then* medically attainable. The law assumes that a condition of health, once adjudged to be permanent, is stationary. Stationary conditions generally require no medical care or maintenance. The moment permanent disability begins, the right to receive medical treatment ceases by operation of law, except, of course, for certain limited, tightly structured and explicitly authorized situations ... *Once adjudged to have permanent disability, a worker is entitled to medical attention only upon establishing recurrence of the postaward healing period in a* *reopening proceeding* under 85 O.S.1981 § 28. (Emphasis added).

According to 85 O.S.1991 § 3(13), "permanent partial disability" means "permanent impairment" which results in less than total disability. "Permanent impairment" is defined as "any anatomical or functional abnormality or loss after reasonable medical treatment has been achieved, which abnormality or loss the physician considers to be capable of being evaluated at the time the rating is made." 85 O.S.1991 § 3(11).

Under Oklahoma's Workers' Compensation Act, as interpreted in *Gillum,* Claimant could not simultaneously claim that he had "permanent impairment," *i.e.,* his "healing period ha[d] come to an end and his condition or state of health ha[d] reached the very optimum that [was] *then* medically attainable," and also contend that surgery might improve his condition and should remain a viable option in the future without showing a change in condition. The trial court did not err in rejecting Claimant's request to reserve future surgical treatment.

SUSTAINED.

GARRETT, V.C.J., and HUNTER, J., concur.