**YUBA HEAT TRANSFER and American Manufacturers Mutual Insurance Company, Petitioner,**

v.

**Edward WIGGINS, Respondent.**

No. 53984.

Supreme Court of Oklahoma.

June 23, 1981.

---

**3.** *Watt Plumbing, Air Conditioning and Electric Inc. v. Tulsa Rig, Reel & Manufacturing Company,* 533 P.2d 980 (Okl.1975).

Gerard K. Donovan, Donovan, Weston & Spears, P. A. by Gerard K. Donovan, Tulsa, for petitioner.

Baker & Baker, Jay C. Baker, Tulsa, for respondent.

DOOLIN, Justice:

May the State Workers' Compensation Court award a claimant a higher disability award than was recommended by *any* of the expert witnesses? We answer in the negative.

The facts, briefly stated, are that the respondent (claimant) was injured while working on the job for the petitioner (employer). Liability is not questioned, only the amount of permanent partial disability awarded by the Compensation Court.

At trial, claimant's physician testified he found claimant 40 percent permanently partially disabled; employer's physician found claimant 15 percent disabled; and the court-appointed physician found claimant 45 percent disabled.

The trial court found claimant 60 percent disabled and ordered award on that amount. This verdict was affirmed on appeal to the court en banc. Employer appealed.

Claimant argues that the trier of fact is not bound by the opinions of experts concerning the ultimate issues. He cites an Oklahoma case, *Enid v. Crow*, 316 P.2d 834 (Okl.1934), and a "rule" from Am.Jur.2d to the effect that the trial jury may reject expert evidence if it is inconsistent with the facts of the case and otherwise unreasonable. He also cites testimony by claimant's physician that claimant cannot perform the type of heavy work which he was doing prior to the accident, and concluded that claimant is 100 percent disabled *for that type of work.*

We disagree with claimant's conclusions and his law.

We have said that although the Workers' Compensation Court may "accept the testimony of one expert while rejecting that of another," in the end "the basic requirement is that an award of compensation be within the limits expressed by skilled experts in evaluating extent of disability." *Goombi v. Trent,* 531 P.2d 1363 (Okl.1975).

We have further noted that in a disability case, the question is one of science and *must* be proved by expert testimony. In the absence of this expert testimony to establish cause and extent of injury, evidence is insufficient to sustain a finding of accidental injury resulting in disability. *Chromalloy-American, Oklahoma Division v. Wright,* 567 P.2d 71 (Okl.1977).

With *Goombi* to direct us we reverse and remand to the Workers' Compensation Court with instructions to set an award of disability consistent with the holding of this opinion.

REVERSED AND REMANDED.

IRWIN, C. J., BARNES, V. C. J. and HODGES, LAVENDER, SIMMS, HARGRAVE and OPALA, JJ., concur.