Eddie L. THOMPSON, Respondent,

v.

DUKE CONSTRUCTION COMPANY, Petitioner,

and

Continental Casualty Company, Petitioner.

No. 60723.

Court of Appeals of Oklahoma, Division No. 1.

Jan. 10, 1984.

Rehearing Denied April 10, 1984.

Released for Publication by Order of the Court of Appeals May 17, 1984.

Jim Cheek, Oklahoma City, for respondent.

James B. Durant, Oklahoma City, for petitioners.

ROBINSON, Judge.

Petitioner's present two issues on appeal: (1) whether there was competent evidence to support the trial court's finding that Claimant, Eddie Thompson, sustained a physical change of condition for the worse; and, (2) whether the trial court's order is too indefinite and uncertain for legal interpretation.

In 1981, Eddie Thompson [Claimant] sustained an accidental personal injury to his right foot which arose out of and in the course of his employment with Duke Construction Company [Employer]. When Claimant stepped into a hole in which an auger was operating, his right foot was twisted off at the ankle with only a strip of flesh connecting the foot to his leg. Three separate surgeries were performed which included replacement of the fundamental structures of the ankle and lower leg and skin grafting procedures were later performed. In its final order of May 25, 1982, the trial court found that as a result of Claimant's injury, Claimant sustained 64% permanent partial disability to his right foot and an award was entered on behalf of Claimant. The final order did not provide for continuing or future medical treatment. The order of May 25, 1982, was not appealed and thus became a final order. 85 O.S. 1981 § 3.6.

On February 23, 1983, a motion to set the case for hearing was filed by Claimant requesting that the case be heard on the specified issue of "prosthetic device". A hearing was held on this motion on April 21, 1983, wherein the court allowed Claimant to amend his motion, which was not objected to by Employer, to include a change of condition for the worse. On April 28, 1983, the trial judge entered an order finding that subsequent to the original court order, "Claimant sustained a change in physical condition for the worse as a result of the April 22, 1981 injury to the right foot and Claimant now requires different size work boots." The court order directed Employer or Insurance Carrier "to reimburse Claimant for extra work boots for injured foot to the extent that such are reasonable and necessary." Employer appealed the April 28, 1983 Order to the Workers' Compensation Court en banc and said panel affirmed the trial court on June 17, 1983. This appeal results.

 It is clear that if proper under the evidence, the trial court could originally have entered an order for continuing medical treatment. 85 O.S. 1981 § 84. It is equally clear that the Workers' Compensation Court has continuing jurisdiction to modify its final orders when motion to reopen for change of condition. 85 O.S. 1981 § 28; *C.A. Reaves v. Uniroyal Tire Co.*, 671 P.2d 679 (Okl.App.1983). Further, the court *en banc* upon appeal by either party may grant further or continuing medical

treatment after an award of permanent partial disability in absence of a formal request by claimant where the evidence shows that further medical treatment is necessary. *City of Fredrick v. Elmore,* 587 P.2d 1365 (Okl.1978).

On a motion to reopen on grounds of a change of condition, burden is on claimant to first prove change in condition, and second, prove that change in condition was a result of the original injury. *National Zinc Co., Inc. v. DeWitt,* 574 P.2d 300 (Okl.1978). The findings of the Workers' Compensation Court as to change of condition for the worse presents a fact question which will not be disturbed on review when supported by competent evidence. *National Zinc Co., Inc. v. Thomas,* 554 P.2d 1 (Okl.1976).

In the present case, competent medical evidence, and Claimant's own testimony, showed that Claimant developed skin pressure necrosis at the site below where his foot was sewn back on and such problems occurred after the original hearing awarding permanent partial disability on May 25, 1982; that the change was due to the original injury; and that the extra work boots ordered by the Workers' Compensation Court were medically prescribed by the treating physician to prevent the development of such skin ulcers since Claimant's feet were not the same size. We hold there was competent evidence to support the trial court's finding that Claimant sustained a change in physical condition for the worse due to his original injury to the right foot.

Employer's final contention is that the order requiring Employer or Insurance Carrier "to reimburse Claimant for extra work boots for injured foot to the extent that such are reasonable and necessary" is too vague and uncertain as to the relief to be afforded and the obligations of the Employer and Insurance Carrier. We disagree.

As a result of the industrial accident, Claimant's right foot is smaller than his left foot and requires a different shoe size. The reimbursed expense by Employer of the prescribed extra boots properly qualifies as a medical expense under 85 O.S. 1981 § 14. Since shoe stores only sell boots in pairs of the same size, it is necessary to buy two pairs of boots in order to get one pair that properly fits Claimant's feet. After purchasing the necessary two pairs of boots in order to get one pair that fits, Claimant can then seek reimbursement from the Insurance Carrier for the "extra" pair of boots. In this regard, we therefore do not find the order vague or uncertain as to the relief to be afforded or the obligations of Employer or Insurance Carrier.

Finally, Claimant requests this Court to assess costs including attorney's fees for this appeal against Employer under the authority of 85 O.S. 1981 § 30. We find however that there is no specific statutory language in such section that would give this Court the authority to award attorney's fees or costs in appellate proceedings. *Peabody Galion Corp. v. Kropp,* 658 P.2d 1155 (Okl.1983).

However, 20 O.S.Supp.1982 § 15.1 provides:

> On any appeal to the Supreme Court, the prevailing party may petition the Court for an additional attorney fee for the cost of the appeal. In the event the Supreme Court or designee finds that the appeal is without merit, any additional fee may be taxed as costs.

Pursuant to § 15.1, we deem it appropriate to award to Claimant attorney's fees for the cost of this appeal in the amount of $500.00 with payment to be made by Employer, as we deem this appeal to be "without merit".

AFFIRMED.

YOUNG, P.J., concurs.

REYNOLDS, J., concurs in part; dissents as to method of awarding attorney's fees. Trial court must set amount of attorney fees on appeal. [*State ex rel. Burk v. City of Oklahoma City,* 598 P.2d 659 (Okl. 1979)].