**LEE WAY MOTOR FREIGHT, INC. and Own Risk, Petitioners,**

v.

**Elmer R. ROBERTS and Workers' Compensation Court, Respondents.**

**No. 63216.**

Court of Appeals of Oklahoma, Division No. 4.

April 9, 1985.

Albert M. Morrison, Oklahoma City, for petitioners.

E.W. Keller, Keller & Fernald, Oklahoma City, for respondents.

STUBBLEFIELD, Judge.

Employer appeals from an order of the Workers' Compensation Court en banc which vacated the trial court's decision and remanded the case with directions to comply with the provisions of its earlier order which had required the trial court to find that employer had received actual notice of the claimant's injury. The trial court was further directed to determine the percentage of claimant's disability, if any. Because employer has sought appellate review of an order which does not finally determine the rights of the parties, its appeal must be dismissed. Employer's previous appeal of a virtually identical order entered in the same case was also dismissed as premature. In repeatedly seeking appellate review of non-reviewable orders, employer has engaged in vexatious and oppressive behavior which has delayed the adjudication of claimant's rights. Costs and attorney's fees for the appeals shall accordingly be taxed against employer and shall be in addition to those which would normally be available to claimant's attorney under 85 O.S.1981 § 30.

I

This case was initiated by the filing of a Form 3 on May 24, 1982, in which the claimant, Elmer R. Roberts, sought compensation for his loss of hearing, alleged to have been sustained as a result of his exposure to loud noises during the course of his employment as a truck driver for Lee Way Motor Freight, Inc. Lee Way answered by claiming that it had not received notice of the claimant's injury within thirty days of the date of the accident. Although the defense of the statute of limitations prescribed by 85 O.S.1981 § 43, was not raised in its answer, Lee Way, at the suggestion of the trial court, was permitted to assert the "statute of limitations" as a defense at trial. Neither the court nor employer, however, specifically referred to the statute by section number, and the trial court's subsequent decision was premised solely on the statute of limitations contained in 85 O.S. 1981 § 24.

At the hearing, held on October 7, 1982, claimant testified that he had first become aware of a ringing in his left ear approximately ten or twelve years earlier. At that time, claimant consulted an ear specialist who attributed his condition to the "excessive noise in [his] working environment." The ringing in his right ear had begun approximately five years earlier. Claimant

testified that although Lee Way was aware that he had consulted physicians on those occasions, it had not requested him to complete an "accidental injury report." Claimant testified:

Q: [By Mr. Keller] And did Lee Way know about it back then when you took off because of your ears? Did you tell them you were gone and why?

A: Yes. I filled out a deal with the Driver Supervisor and turned in a doctor's slip, you know.

. . . .

Q: [By Mr. Goff] ... Did you fill out an injury report on your hearing?

A: No, sir.

Q: With the Company?

A: No, sir.

Q: You know what I'm talking about? They have an accidental injury report.

A: No, sir, I didn't. I just went to my own doctor and got treatment. When he said I could go back to work I would go back to work. I never filed for Workmen's Comp or nothing.

. . . .

Q: Did you talk to your Driver Supervisor about whether you ought to fill out an injury report on your hearing?

A: No.

Q: And you didn't file any Workmen's Compensation claim for your loss of hearing until you filed the Form Three in this case on May the 20th, 1982? Is that right?

A: I have never filed any on my hearing.

On the basis of this evidence, the trial court determined that claimant failed to comply with the provisions of 85 O.S.1981 § 24, and that his claim for compensation should be denied.

Claimant appealed to the court en banc which vacated and remanded the decision to the trial court with directions "to find that actual notice was given and that there was no prejudice." Lee Way sought appellate review of the order in the Oklahoma Supreme Court. The appeal was dismissed by the Court of Appeals, Division 3, however, as having been prematurely filed because the order from which Lee Way appealed had not finally determined the rights of the parties. On remand the trial court was directed to make its determination of compensation solely from its review of the transcript of the evidence presented at the previous hearing.

The case came on for hearing on May 29, 1984, at which time counsel for employer asserted that the claimant's claim was barred by the statute of limitations prescribed by 85 O.S.1981 § 43. The transcript of the original proceeding was also admitted into evidence and claimant, in contravention of the order of the court of appeals, was permitted to testify. On June 21, 1984, the trial court issued the following order:

–1–

THAT the claim herein is barred by the statute of limitations.

–2–

THAT it is therefore ordered that claimant's claim for compensation be and the same hereby is denied.

The order is identical to the first order, except there is no specific reference to the exact statute of limitations upon which the trial court relied in reaching its decision.

Claimant again appealed to the court en banc, and on September 26, 1984, that tribunal again found that the order of the trial court was against the clear weight of the evidence and remanded the case to the trial court for compliance with its earlier order and for a determination of permanent disability, if any. Employer then appealed, asserting that the evidence clearly established that the claimant's claim was barred by the statute of limitations contained in 85 O.S.1981 § 43.

II

Because this case has been on its lengthy odyssey for such a considerable period of time, we are sorely tempted to tackle the issue presented by the parties. We are,

however, statutorily confined in our review to "reviewable decisions," and the present case does not present one to this court. *Continental Oil Co. v. Allen,* 640 P.2d 1358 (Okla.1982); *Hermetics Switch, Inc., v. Sales,* 640 P.2d 963 (Okla.1982).[1]

■ The order from which employer appeals fails to allow or deny compensation and does not finally determine the rights of the parties. Employer's appeal is again premature and must be dismissed.

### III

Our dismissal of the appeal, however, does not equitably resolve all the aspects of the case. Employer's actions involve prolonged, unreasonable, vexatious and oppressive tactics designed to delay and intimidate the claimant. Such actions are contrary to the intent of the Workers' Compensation Act and fall within the scope of *City National Bank & Trust Co. of Oklahoma City v. Owens,* 565 P.2d 4, 8 (Okla. 1977) (citations omitted), which holds that attorney's fees may be awarded when an opponent "has acted in 'bad faith, vexatiously, wantonly or for oppressive reasons.'"

The decision of the Court of Appeals, Division 3, clearly held that a final determination of the parties' rights had not been established and that employer's appeal was premature. Following the second order of the court en banc, employer well knew that a determination of disability had not been made by the trial court pursuant to the en banc finding and that the order of the court en banc was, as before, not a final order, appealable to this court. Knowing these facts, employer again appealed a non-reviewable order. The impact upon claimant is considerable. Had an appeal of a final order been timely perfected, claimant at least stood the chance of receiving interest upon his award. 85 O.S.1981 § 42. More-

over, were employer's appeal found to be meritless, additional attorney's fees for claimant's defense of the appeal could be awarded. *Thompson v. Duke Construction Co.,* 681 P.2d 1125, 1127 (Okla.Ct.App. 1984). Herein, claimant has received only an extended and unreasonable delay in the adjudication of his rights.

The Act contemplates the use of legal counsel to assist a claimant in the prosecution of claims for injuries arising out of and in the course of employment and contemplates payment for the legal services necessarily provided in the ordinary course of prosecuting a claim for relief under the Act. By setting forth the maximum amount which an attorney may charge in the event of an award upon successful prosecution of a claim, the Act protects both the claimant and his attorney. 85 O.S.1981 § 30. Such fee limits, however, do not restrict the court in the exercise of its equitable powers from assessing costs and attorney's fees against a party who, in the course of its prosecution of the claim, has been guilty of bad faith or vexatious, wanton, or oppressive behavior, such as that which has been displayed by employer.

■ Because of its vexatious and oppressive behavior, the costs and attorney's fees for the appeals herein are to be taxed against employer. The fees and costs so taxed shall be in addition to the fee which would normally be awarded to claimant's attorney under 85 O.S.1981 § 30, and shall not be used in any way to diminish or reduce any award to claimant.

The appeal is accordingly dismissed as having been prematurely brought, and the case is remanded to the trial court with directions to conduct an evidentiary hearing to assess costs and attorney's fees in accordance with this opinion.

BRIGHTMIRE, P.J., and RAPP, J., concur.

---

**1.** We do, however, offer the observation that the decision of the court en banc appears to be supported by competent evidence, and that the circumstances in any event would dictate a finding that employer's failure to give specific notice of employee's right to file a workers' compensa-

tion action after notice of injury tolled the statute of limitations. *York Manufacturing Co. v. Fields,* 705 P.2d 688 (Okla.1985); *Loffland Brothers Equipment v. White,* 689 P.2d 311 (Okla.1984).