**TYSON FOODS, INC., Petitioner,**

v.

**Janet GUTHRIE and The Workers' Compensation Court, Respondents.**

**No. 71059.**

Court of Appeals of Oklahoma, Division No. 1.

April 4, 1989.

Rehearing Denied May 9, 1989.

Larry C. Brawner, Oklahoma City, for petitioner.

Albert M. Morrison, Oklahoma City, for respondents.

## MEMORANDUM OPINION

PATRICIA D. MacGUIGAN, Judge:

Respondent filed a claim for compensation alleging she had sustained an accidental personal injury to her left arm and wrist arising out of the course of her employment with Respondent. Petitioner denied that Respondent had sustained a compensable injury claiming any injury sustained by Petitioner occurred in the course of subsequent employment with other companies. After hearing, the trial court entered an order finding Respondent had sustained accidental personal injury due to repetitive trauma to the left hand arising out of her employment with Petitioner and resulting in temporary total disability. Petitioner seeks review of this order.

■ The dispositive facts are as follows. Respondent was employed by Petitioner for approximately three months in 1987. Her job duties consisted initially of pulling chickens off an assembly line and attaching same to a "silicone". Subsequently, she worked on the line "pulling tenders", i.e., running a finger up the side of the bone and pulling the meat off. During an 8–hour shift, Respondent would handle approximately 40,000 chickens in this manner. After experiencing pain and reporting same, Petitioner's plant nurse applied a splint to Respondent's wrist. Respondent was next sent to Petitioner's "company doctor" who treated her on three occasions then referred her to an orthopedic specialist. Respondent subsequently underwent surgery on her left hand.

Respondent submitted two medical reports at trial and Petitioner submitted one. All three diagnosed deQuervain's syndrome, found that the previous surgery was necessary, and opined that further treatment, including surgery, was indicated. Respondent's two medical reports

attributed her injury directly to her work duties with Petitioner. Petitioner's medical report fails to make a finding of job-relatedness; however, even this medical report recognizes a possible causal nexus between Respondent's complaints and her employment with Petitioner.

Petitioner contends that the order of the trial court finding Respondent's injury arose out of and in the course of employment with Petitioner is not supported by competent evidence. Specifically, Petitioner's sole proposition of error is that because Respondent held two jobs after terminating her employment with Petitioner, her testimony that all of her problems arose out of her employment with Petitioner is not "believable". Petitioner goes on to state, "It is more logical for the court to entertain a presumption that [Respondent's] current need for medical care arose out of [her] subsequent employment." Petitioner fails to cite any authority for this proposition; Petitioner fails to cite any evidence contradicting Respondent's testimony of the nature and cause of her injury; nor does Petitioner cite any medical evidence to contradict that Respondent's injury was sustained during her employment with Petitioner.

█ On review of orders from the Worker's Compensation Court, the appellate courts do not weigh the evidence, but only search the record to determine if the order is supported by any competent evidence. *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okl.1984). The weight and probative value of the evidence is for the determination of the trial court, which may accept or reject such evidence in whole or in part. See, e.g., *City of Nichols Hills v. Hill*, 534 P.2d 931 (Okl.1976); *Burns v. Yuba Heat Transfer Corp.*, 615 P.2d 1029 (Okl.1980). For the reasons discussed herein, we hold there is competent evidence to support the trial court's order.

█ Lastly, Respondent urges that Petitioner's appeal is frivolous and without merit, and requests this Court to assess attorney fees for this appeal against Petitioner, citing 20 O.S.1982 Supp. § 15.1 which provides that upon a finding that the appeal is without merit, additional attorney fees may be taxed as costs.

A review of the record reflects the only lay testimony was that of Respondent who testified without contradiction that the pain and injury to her hand occurred in the course of her employment with Petitioner. Respondent further testified that her subsequent employment duties did not injure or aggravate the injury to her hand, and she offered the names and addresses of her subsequent employers. Petitioner called no witnesses. We further note that both Petitioner's and Respondent's medical reports agreed that Respondent suffered an injury to her wrist while employed by Petitioner. Petitioner's own medical evidence opines that further surgery for deQuervain's syndrome was indicated and that there was only a possibility that Respondent's subsequent employment may have aggravated the injury.

Under the circumstances of this case, we find the present appeal without merit. We therefore grant Respondent Guthrie's request for appeal related attorney fees in an amount to be set by the trial court after hearing. See *Thompson v. Duke Construction Co.*, 681 P.2d 1125 (Okl.Ct.App. 1984). The trial court's order is therefore SUSTAINED, and the matter REMANDED to the trial court for a hearing on attorney fees under standards set out in *State ex rel. Burk v. Oklahoma City*, 598 P.2d 659 (Okl.1979) and *Oliver's Sports Center v. National Standard Insurance*, 615 P.2d 291 (Okl.1980).

HANSEN, J., concurs.

HUNTER, Presiding Judge, concurs in part, dissents in part.

I dissent from that portion of the opinion awarding attorney fees for a meritless appeal under Title 20 O.S.1982 Supp. § 15.1. That statute is composed of two short sentences which I believe must be read together, giving meaning to every word. Both sentences speak to an *additional* attorney fee. I believe this statute is limited to those cases in which an attorney fee is allowed by law to the prevailing party in

the trial court. I concur in the remainder of the opinion.