**GOODYEAR TIRE AND RUBBER COMPANY, Petitioner,**

v.

**Donald Leroy PRATT and the Workers' Compensation Court, Respondents.**

**No. 74242.**

Court of Appeals of Oklahoma,
Division No. 1.

July 10, 1990.

Arlen E. Fielden, Crowe & Dunlevy, P.C., Oklahoma City, for petitioner.

D. Dale Remington and Art Mata, Oklahoma City, for respondents.

## MEMORANDUM OPINION

BAILEY, Judge:

Petitioner Goodyear Tire and Rubber Company (Employer) seeks review of an order of the Workers' Compensation Court sitting *en banc* affirming the Trial Court's award of twenty-three percent (23%) permanent partial disability (PPD) to Respondent Donald L. Pratt (Claimant) for on-the-job injury to back. Herein, Employer asserts the order is not supported by the medical evidence. Claimant responds, correctly pointing out (1) Employer did not object to Claimant's medical evidence showing compensable PPD in a percentage exceeding the award of benefits, thus supporting the lower courts' decision, and (2) Employer's proceeding for review is patent-ly frivolous, interjected for the purpose of delay only, warranting an award of review-related attorney's fees to Claimant.

In the present case, Employer stipulated that "Claimant sustained accidental injury arising out of and in the course of his employment." The competent medical evidence of both Employer and Claimant (to the admission of which Employer did not object) showed some permanent disability as a result of the injury. See also, Rule 21, Rules of the Workers' Compensation Court, 85 O.S., Ch. 4, App. (evidence deemed admitted as part of proof of case in absence of timely objection thereto). Thus, the only issue presented to the lower courts concerned extent of Claimant's permanent disability.

We may not re-weigh the evidence as Employer urges, nor may we substitute our judgment for that of the lower court on disputed questions of fact. See, e.g., *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okl.1984). In the present case, the lower Court's determination of extent of disability within the range of disability established by the medical evidence stands clearly supported by competent evidence. See, e.g., *Yuba Heat Transfer Corp. v. Wiggins*, 630 P.2d 783 (Okl. 1981); *Green Country Restaurant v. Carmen*, 579 P.2d 1281 (Okl.1978); *Goombi v. Trent*, 531 P.2d 1363 (Okl.1975). In the presence of competent evidence supporting the *en banc* order affirming the Trial Court's determination of extent of disability, we are bound by the lower courts' determination on such a disputed fact question. See also, *Toney v. Parker Drilling Co.*, 640 P.2d 1356 (Okl.1982); *Green Country Restaurant*, 579 P.2d at 1284; *Nat'l. Zinc Co., Inc. v. Spencer*, 557 P.2d 906 (Okl.1976).

Notwithstanding competent evidence in the record supporting the lower courts' determination of extent of disability, Employer has persisted in challenging the unassailable factual determination thereof. We therefore find Employer's action for review patently frivolous and without merit, warranting, as requested by Claimant, that an award of appellate attor-

neys' fees and costs be taxed against Employer under 20 O.S.Supp.1982 § 15.1. That section provides:

> On any appeal to the Supreme Court, the prevailing party may petition the court for an additional attorney fee for the cost of the appeal. In the event the Supreme Court or its designee finds that the appeal is without merit, any additional fee may be taxed as costs.

20 O.S. § 15.1. See also, 85 O.S.1981 § 30 (costs).

The case should therefore be remanded to the Trial Court for an award of review-related costs and a reasonable attorney's fee in an amount consistent with the guidelines for determination of attorney's fees generally set forth in *State ex rel. Burk v. Oklahoma City,* 598 P.2d 659 (Okl.1979) and *Oliver's Sports Ctr. v. Nat'l. Std. Ins.,* 615 P.2d 291 (Okl.1980). See also, *Tyson Foods, Inc. v. Guthrie,* 773 P.2d 769 (Okl. App.1989) (appellate attorney fees allowed under § 15.1 where employer attacked sufficiency of evidence of work-related injury on review, but had adduced no evidence at trial contradicting such finding); *Lee Way Mtr. Frt., Inc. v. Roberts,* 719 P.2d 470, 473 (Okl.App.1985) (appellate attorney fees allowed as sanction for vexacious, oppressive and dilatory conduct of party in seeking review of workers' compensation award); *Thompson v. Duke Const. Co.,* 681 P.2d 1125, 1127 (Okl.App.1984) (appellate attorney fees allowed under § 15.1 in meritless action for review of workers' compensation award).

The order of the Court is therefore SUSTAINED, and the case is REMANDED for further proceedings on Claimant's prayer for appellate attorney's fees and costs not inconsistent herewith.

ADAMS, P.J., and MacGUIGAN, J., concur.