**ADVANCED MEDICAL INSTRUMENTS and Vigilant Insurance Company, Petitioners,**

v.

**Ibrohim KEO and the Workers' Compensation Court, Respondents.**

**No. 80800.**

Court of Appeals of Oklahoma, Division No. 3.

March 16, 1993.

Pat A. Padgett, Whitten, Layman, Mac-Kenzie and Padgett, Tulsa, for petitioners.

Aaron C. Peterson, Tulsa, for respondents.

## MEMORANDUM OPINION

BAILEY, Presiding Judge:

Advanced Medical Instruments and Vigilant Insurance Company (collectively Employer) seek review of an order of a three judge panel of the Workers' Compensation Court affirming the Trial Court's award of benefits for permanent total disability (PTD) to Ibrohim Keo (Claimant). Herein, Employer asserts (1) error below in refusing to allow Employer to obtain a transferrable skills analysis of Claimant, and (2) no competent evidence supporting the lower court's finding of Claimant's total economic disability, i.e., Claimant's inability to earn "any wages in any employment."

Claimant filed his Form 3 in January 1991 asserting compensable injury to "neck, back, left arm & shoulder—body as a whole—cumulative trauma." At trial, but before presentation of evidence, the presiding judge announced on the record:

> There are motions on file in this matter, one by [Employer] to hold the case in abeyance because [Employer] wanted to have the Claimant take a transferrable skills test and have analysis done. The Claimant resisted that request and Claimant has objections to the motion. The Court is going to overrule [Employer's motion for transferrable skills test/analysis] for the reason that the law does not require that the Claimant has to have a transferrable skills test done.

Thereafter, Claimant testified to his injuries and resulting impairment; Claimant also introduced, and the Trial Court admitted over Employer's probative value objection, medical evidence in support of his claim showing three surgical treatments for the claimed injuries,[1] resulting, according to Claimant's examining physician, in

---

1. A C5–6 anterior cervical diskectomy with a microscope, a C5–6 posterior cervical laminectomy with medial facetectomies and bilateral C–6 foraminotomies, and a medial epicondylectomy, left elbow.

Claimant's permanent total disability.[2] In opposition, Employer introduced, and the Trial Court admitted over Claimant's competency and probative value. objections, medical evidence from one of Claimant's treating physicians and Employer's examining physician, arguably showing less than total disability.[3]

The Trial Court subsequently entered its order finding Claimant PTD as a result of on-the-job injury. On Employer's appeal, a three judge panel (by split vote) affirmed, and Employer commenced the instant review proceeding.

■ In its first proposition, Employer asserts the lower court committed legal, reversible error in refusing to allow Employer to obtain transferrable skills testing/analysis of Claimant. In support of this proposition, Employer argues that although a claimant's potential for vocational rehabilitation may not be considered in the determination of existence of permanent total disability,[4] extent of disability must be supported by competent expert evidence,[5] which in the present case may only be obtained from someone trained in transferrable skills testing/analysis. Thus, says Employer, because medical experts do not possess such expertise, the lower court committed absolute legal error in refusing to allow Employer to obtain such mandated expert evidence.[6]

■ We disagree with Employer. The parties cite, and we find, nothing in the statutory Oklahoma Workers' Compensation framework or decisional jurisprudence interpreting our Workers' Compensation law requiring transferrable skills testing and analysis as a condition precedent to an award of economic PTD. In fact, and directly contrary to Employer's assertion, Oklahoma statute clearly anticipates a medical doctor's expertise and skill to express a competent opinion on a claimant's extent of permanent disability, partial or total,[7] and we are unwilling to hold, as a

---

2. The doctor so testified at his deposition, stating in his report introduced thereat:

    It is ... my opinion that [Claimant] is 100 percent permanently and totally disabled. His educational level is somewhat unknown, with his past work history prior to 1975 being a Cambodian political diplomat. After immigrating to the United States [in 1975], he was placed into this manual labor capacity that has continued to perform. His medical condition is substantial enough that he will be unable to return to any sedentary and/or labor capacity. It is therefore my opinion that he is unable to earn any wages in any employment for which he is or could become physically suited or reasonably fitted by education, training or experience, and is considered 100 percent permanently and totally disabled.

3. Claimant's treating physician opined that Claimant "would do well with vocational rehab to assist him in a new occupation which does not involve any strenuous physical use of the left upper extremity especially any strong grabbing or lifting motions or any overhead motion of the extremity or any fine repetitive motion as would be encountered in assembly line type work." Employer's examining physician found that Claimant's "complaints are not work-related," and that Claimant was "not permanently and totally disabled, based on age, education, training and experience."

4. Cf., TWA v. McKinley, 749 P.2d 108 (Okl.1988), with, Eslinger v. Cole Grain Co., 655 P.2d 164 (Okl.App.1982).

5. See, e.g., Gaines v. Sun Refinery & Marketing, 790 P.2d 1073, 1079 (Okl.1990) ("[W]here disability is of a character to require expert professional testimony to determine cause and extent, the question is one of science and must be proved by expert testimony, the absence of which renders the evidence insufficient to sustain an award"); accord, Special Indem. Fund v. Stockton, 653 P.2d 194, 199 (Okl.1982).

    See also, Randolph v. Collectramatic, Inc., 590 F.2d 844 (10th Cir.1979) (as general matter, there is no fixed or general rule requiring expert testimony, but where topic requires special experience, only a person of that special experience will be received, but even in such case, admission of expert testimony addressed to sound discretion of court).

6. Hereunder, Employer draws on 85 O.S.1991 § 14 mandating expert medical testimony in support of a claim of permanent disability. So, says Employer:

    ... When the issue is whether the claimant has the ability to re-enter the job market without resorting to retraining, the controversy shifts to a matter not within the expertise of medical doctors. Their testimony, aside from physical restrictions, is pure conjecture if not based on scientific inquiry, testing and job market knowledge.

7. See, e.g., 85 O.S. § 17 ("Any claim submitted ... for permanent disability must be supported by competent medical testimony which shall include an evaluation by a physician stating his

matter of law and in the absence of clear legislative mandate, that transferrable skills testing constitutes a prerequisite for an award of economic PTD. In the present case, Employer introduced competent medical evidence showing Claimant's less-than-total disability, and we view the lower court's refusal to allow Employer its requested skills testing as an exercise of the court's inherent discretion to control the conduct of permissible discovery, of which we find no reversible abuse. We consequently hold the lower court committed no pure error of law in refusing Employer's request for transferrable skills testing and analysis.

■ In its second proposition, Employer asserts no competent evidence adduced below to support an award of PTD. In particular, Employer argues that Claimant's examining physician admitted in his deposition, contrary to his opinion of Claimant's total economic disability, i.e., inability to "earn any wages in any employment," that Claimant could "possibly" be employed as an interpreter, importer, travel agent, or restauranteur, thus rendering Claimant's physician's opinion of Claimant's PTD both incompetent[8] and without probative value.

■ We reject this argument for at least three reasons. First, we view Employer's challenge to the doctor's opinion of economic PTD for the listed "inconsistencies" as going only to weight to be accorded to the doctor's opinion, not to the opinion's legal sufficiency, as we have previously acknowledged Oklahoma law recognizing a medical doctor's expertise to express such an opinion, and the Workers' Compensation Court may accord expert testimony such weight as the court, in the exercise of its discretion, deems appropriate under the circumstances.[9] Second and consequently, we view Employer's argument as asking this court to re-weigh the expert evidence as to extent of Claimant's disability, something we simply cannot do.[10] Third, the issue of PTD turns on the evaluation of a claimant's *present* capacity "to earn any wages in any employment for which he is *presently* suited or fitted by education, training or experience,"[11] and although Claimant's physician answered affirmatively to Employer's suggested "possible" employments of Claimant, we find no other suggestion in the record of Claimant's suitability to any of the "possible" employments commensurate with Claimant's physical limitations, education, training or experience.[12] We consequently hold Claimant's

opinion of the employee's percentage of permanent impairment and whether or not the impairment is job-related and caused by the accidental injury [alleged]."

8. See, Lacy v. Schlumberger Well Service, 839 P.2d 157 (Okl.1992) (recognizing distinction between "competent" evidence for purposes of admissibility and "competent," i.e., "legally sufficient," evidence for purposes of application of the "any competent evidence" standard of review).

9. See, e.g., Burns v. Yuba Heat Transfer Corp., 615 P.2d 1029 (Okl.1980); Chas. Pierce Oil Co. v. Merriman, 567 P.2d 991, 992 (Okl.1977); City of Nichols Hills v. Hill, 534 P.2d 931, 935 (Okl. 1975).

10. See, e.g., Pearl v. Associated Milk Producers, Inc., 581 P.2d 894, 896 (Okl.1978) ("State Industrial Court is the sole arbiter of credibility of witness[es] and weight given their testimony"); Bittman v. The Boardman Co., 560 P.2d 967, 969 (Okl.1977) ("State Industrial Court may refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence").

See also, Parks v. Norman Municipal Hospital, 684 P.2d 548, 552 (Okl.1984) (under the "any competent evidence" standard, we "simply canvass the facts, not with an object of weighing the conflicting proof in order to determine where the preponderance lies but *only* for the purpose of ascertaining whether the tribunal's decision is supported by competent evidence"); K.P. Construction Co. v. Death of Parrent, 562 P.2d 501, 503 (Okl.1977) (the appellate court "neither weighs the evidence nor determines for whom the evidence preponderates, but reviews the entire record only to ascertain whether there is any reasonable evidence to sustain the order or award [and] review is confined to determining whether [the] award is sustained by any competent evidence").

11. 85 O.S. § 3(12); TWA, 749 P.2d at 110. (Emphasis original).

12. Even recognizing Claimant's admitted education in French (at least arguably supporting an inference of Claimant's employability as an interpreter), the fact that the lower court could have reached a different conclusion on the evidence does not dictate a finding of legal insufficiency of the evidence. See, e.g., Hughes v. City

evidence legally sufficient to support the lower court's award of PTD.

■ Lastly, Claimant asserts Employer's appeal to be patently frivolous and without merit, warranting an award of review-related attorney's fees.[13] However, we cannot say Employer's appeal has "no reasonable or legitimate legal or factual basis," that the result "is obvious or [that Employer's] arguments are wholly without merit" so as to warrant an award of attorney's fees under the above cited authorities.[14] We therefore conclude Claimant's prayer for review-related attorney fees should be denied.

The order of the Workers' Compensation Court three judge panel is therefore SUSTAINED. Claimant's prayer for review-related attorney fees is denied.

HANSEN, C.J., and HUNTER, J., concur.

---

*of Oklahoma City,* 771 P.2d 1010, 1012 (Okl. 1989) ("The competent evidence test does not require that such evidence 'rise to the degree of certainty which would exclude every reasonable conclusion other than the conclusion reached by the trial court.' ") *Accord, Riley v. Cimarron–Empire Const. Co.,* 420 P.2d 550 (Okl.1966).

**13.** 20 O.S.1991 § 15.1. *See also, Goodyear Tire and Rubber Co. v. Pratt,* 795 P.2d 115 (Okl.App. 1990) (where employer challenged factually unassailable finding of lower court); *Tyson Foods, Inc. v. Guthrie,* 773 P.2d 769 (Okl.App. 1989) (where employer attacked sufficiency of evidence without adducing contrary evidence); *Lee Way Mtr. Frt., Inc. v. Roberts,* 719 P.2d 470, 473 (Okl.App.1985) (attorney fees as sanction

for vexatious, oppressive and dilatory conduct of party in seeking review of worker's compensation award); *Thompson v. Duke Const. Co.,* 681 P.2d 1125, 1127 (Okl.App.1984) (attorney fees in meritless action for review of worker's compensation award); *Jones v. Cole,* 467 P.2d 492 (Okl.1970) (successful party on review of worker's compensation court order entitled to award of appeal-related costs of preparation of record as in other civil cases); *Sapulpa Refining Co. v. Boggs,* 143 Okl. 84, 287 P. 713 (1929) (commission's award of costs incurred in previous review proceeding of same case sustained on subsequent review).

**14.** *TRW/Reda Pump v. Brewington,* 829 P.2d 15, 22 (Okl.1992).